**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-10124
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE D. FARQUHAR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-120-X
- - - - - - - - - -
December 9, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

George D. Farquhar was convicted of mail fraud in a case hereinafter referred to as the "boat case." Farquhar subsequently pleaded to one count of using fire to commit a felony in violation of 18 U.S.C. § 844(h) in a case hereinafter referred to as the "arson case."

Farquhar contends that the district court clearly erred by increasing his offense level for obstruction of justice in the boat case because the concealment of evidence occurred in the arson case not the boat case. In his challenge to the obstruction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement, Farquhar completely ignores the fact that he failed to appear for sentencing, a separate and adequate basis for the enhancement under § 3C1.1 of the Sentencing Guidelines. The district court's imposition of an increase for obstruction of justice was not clearly erroneous. See <u>United States v. O'Callaghan</u>, 106 F.3d 1221, 1223 (5th Cir. 1997).

The district court did not err in denying credit for acceptance of responsibility. Conduct which results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." § 3E1.1, comment. (n.4). See <u>United States v. Ayala</u>, 47 F.3d 688, 691 (5th Cir. 1995).

The disparity between Farquhar's sentence and that received by his coconspirators did not amount to a violation of his rights under the Equal Protection and Due Process Clauses of the Fifth Amendment. See <u>United States v. Rojas-Martinez</u>, 968 F.2d 415, 419-20 (5th Cir. 1992)

Farquhar asserts that his counsel was ineffective on the general basis that counsel did not adequately "investigate, develop[,] and present all facts, matters[,] and issues" relevant to the case. Blue brief, 23-29. We will not reach the merits of the claim because is not sufficient to allow the court "to evaluate fairly the merits of the claim." <u>United States v. Higdon</u>, 832 F.2d 312, 314 (5th Cir. 1987).

Farquhar asserts that all of the errors alleged in his appeal, even though they may be found to be harmless individually, combine to create reversible error. As discussed above, Farquhar has established no error, much less harmless error, in the district court's handling of this case. Even accepting the premise that multiple harmless errors can accumulate to a reversible error, an infinite number of allegations that produce no showing of any error cannot add up to reversible error. "Twenty times zero equals zero." Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987).

Farquhar has filed a motion for leave to file a pro se supplemental brief. It is against this court's policy to consider pro se motions and briefs from parties who are represented by counsel. See United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978). The motion is DENIED.

AFFIRMED; MOTION DENIED.